UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                          No. 01-4323

BOBBY GOSNELL,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-00-431-S)

Argued: May 9, 2002

Decided: June 28, 2002

Before TRAXLER, Circuit Judge, C. Arlen BEAM,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Andrea Dennis Callaman, Assistant Federal Public
Defender, Baltimore, Maryland, for Appellant. James Harry Green,
Special Assistant United States Attorney, Baltimore, Maryland, for
Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Beth

Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, John F. Purcell, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bobby Gosnell appeals the enhancement of his sentence pursuant to section 2K2.1(b)(5) of the United States Sentencing Guidelines [hereinafter U.S.S.G.]. He contends that the district court erroneously found that his possession of a firearm was "in connection with" another felony and thus improperly enhanced his sentence. We affirm.

I.

The stipulated facts indicate that Gosnell was apprehended by law enforcement officers after a radio check revealed the vehicle he was driving was stolen. Gosnell was removed from the car, placed on the ground, and handcuffed. Upon being brought to his feet, a loaded Smith and Wesson 9 millimeter luger semi-automatic pistol fell from his waist area to the ground.

Gosnell pled guilty to violating 18 U.S.C. § 922(g)(1), possession of a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. The district court increased Gosnell's base offense level pursuant to U.S.S.G. § 2K2.1(b)(5) because he used or possessed a firearm in connection with another felony offense, possession of a stolen vehicle.

Without the enhancement, Gosnell's sentencing guideline range would have been 57 to 71 months' imprisonment. The enhancement

yielded a range of 84 to 105 months, and Gosnell was sentenced to 84 months' incarceration.

## II.

In this circuit, enhancing a sentence pursuant to U.S.S.G. § 2K2.1(b)(5) involves a two-part analysis. *See United States v. Nale*, 101 F.3d 1000, 1004 (4th Cir. 1996) (analyzing the "in connection with" language in U.S.S.G. § 2K2.1(c)(1)). The government must first prove that the defendant possessed the gun, and then prove that the gun was connected to another felony offense. *Id.* There is no dispute that Gosnell possessed the weapon. At issue here is the proper application of the "in connection with" aspect of the section 2K2.1(b)(5) guideline.

In *Nale*, this court analogized the "in connection with" language of section 2K2.1(c)(1) to the phrase "in relation to" found in 18 U.S.C. § 924(c). 101 F.3d at 1003-04. In a later case, the court noted that "in connection with" has the same meaning in section 2K2.1(b)(5) as it does in section 2K2.1(c), and, in both cases, a meaning that is deemed analogous to the "in relation to" language used in section 924(c). *United States v. Garnett*, 243 F.3d 824, 828 & n.6 (4th Cir. 2001); *accord United States v. Routon*, 25 F.3d 815, 818 (9th Cir. 1994) (finding that 924(c) is "an appropriate guide for interpreting section 2K2.1(b)(5)").

Accordingly, under the logic of *Nale* and *Garnett*, to satisfy the "in connection with" requirement, the government must prove that the firearm had "'some purpose or effect with respect to'" the felony, and that the gun at least facilitated, or had the potential of facilitating, the offense. *See United States v. Lipford*, 203 F.3d 259, 266 (4th Cir. 2000) (citations omitted) (analyzing "in relation to" requirement under 18 U.S.C. § 924(c)(1)). Although the nexus requirement is not satisfied when the presence of the firearm is accidental or coincidental, it is sufficient "if the firearm was present for protection or to embolden the actor." *Id.* Possession that is contemporaneous to but independent from another felony is merely coincidental to the felony. *Id.* at 267; *United States v. Wilson*, 115 F.3d 1185, 1191-92 (4th Cir. 1997).

This court has found that if a firearm is carried for protection or intimidation during commission of a drug trafficking offense, it is carried in relation to the drug trafficking offense. *United States v. Mitchell*, 104 F.3d 649, 654 (4th Cir. 1997). In *Mitchell*, the evidence indicated that the defendant transported a loaded firearm in the passenger compartment of his automobile to a drug exchange. The court determined that "such evidence may support a conclusion that the weapon provided the potential to facilitate the drug transaction and that its presence in the vehicle was not coincidental." *Id.*

Gosnell contends that, based on the facts, his possession of the firearm at the time of his arrest was not "in connection with" his operation of a stolen vehicle, but was merely "coincidental to" that offense. He points out that he did not in any way reach for the firearm or attempt to draw it, but merely let it fall to the ground, and that the government presented no evidence of how long he had been driving the vehicle, or whether he had previously been in the vehicle with the firearm.

The district court concluded that an "emboldening role . . . is served by someone who possesses the firearm while knowingly in possession of stolen property." Reasoning that it is "a matter of common knowledge" that "many police shootings involved police that stop stolen vehicles," the district court inferred that the pistol emboldened Gosnell to maintain possession of the stolen vehicle. The district court also stated that "based on the stipulated facts of the ignition being popped [the vehicle having a broken driver's window, cracked steering column, and destroyed ignition, and Gosnell driving without an ignition key], that anybody who had this property would, obviously, have to believe that it had been stolen . . . and, that the possession of a firearm by the driver of the car in that circumstance is sufficiently in connection with . . . that continuing offense to qualify for the enhancements under 2K2.1(b)(5)."

Gosnell argues that these circumstances only provide evidence that he committed the offense of possession of a stolen vehicle and do not directly and sufficiently address whether he possessed the weapon in relation to that felony. We disagree.

The driver of a car in such a vandalized condition would almost certainly have a heightened concern for the possibility of a traffic stop

at which a law enforcement officer would immediately recognize that the automobile had been stolen. This would clearly carry with it a continuing appreciation for the enhanced risk accompanying the enduring use of such a vehicle and would sufficiently establish that the gun emboldened Gosnell to continue his felonious venture notwithstanding the obvious risks.

However, we note that, to satisfy the "in connection with" element, this court has never required the amount of evidence of an emboldening role that exists in this case, nor proof of numerous incidents of simultaneously possessing a vehicle and weapon. *But cf. Routon*, 25 F.3d at 819 (concluding that there was sufficient evidence to support a section 2K2.1(b)(5) enhancement when a defendant brought a gun with him whenever he rode in an illegally possessed car and kept the gun within a short distance of himself while driving). Gosnell was carrying a loaded pistol in the waistband of his pants while knowingly driving a stolen car. Given the available inferences, that is sufficient. *See Mitchell*, 104 F.3d at 654. As Gosnell acknowledges, the government need not prove that he used the gun, but need only prove that he possessed it in connection with another felony. The stipulated facts establish that Gosnell carried the gun for protection from, or intimidation of, anyone who might try to interrupt his dominion over the vehicle or try to detain him, even though he ultimately chose not to use it for such purposes. *See id.* The pistol therefore "provided the potential to facilitate" Gosnell's possession of the stolen vehicle and its presence was not coincidental to that crime. *Id.* Given the record, there is a sufficient basis for enhancement pursuant to section 2K2.1(b)(5).

### III.

For the reasons set forth, we conclude that the district court did not err in applying the guideline enhancement. Accordingly, the sentence is affirmed.

*AFFIRMED*