**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Charles Dennis KILES, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Kevin Ray Patterson, Defendant— Appellant.**

Nos. 02–10477, 02–10478.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Nov. 17, 2003.

Jodi B. Rafkin, U.S. Attorney Office, Sacramento, CA, for Plaintiff–Appellee.

Bruce Locke, Esq., Sacramento, CA, for Defendant–Appellant Charles Dennis Kiles.

Robert M. Holley, Esq., Sacramento, CA, for Defendant–Appellant Kevin Ray Patterson.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Co-defendants Charles Kiles ("Kiles") and Kevin Patterson ("Patterson") appeal their convictions on two conspiracy charges in connection with their alleged plot to blow up two large propane storage tanks near Sacramento, California. We affirm their convictions.

■ Patterson contends there was insufficient evidence to support the conspiracy convictions. Because he did not make a Rule 29 motion at any point during his trial, this claim is reviewed only to prevent manifest injustice. *United States v. Smith*, 924 F.2d 889, 893–94 (9th Cir.1991). Drawing all inferences in favor of the prosecution, including those pertaining to the credibility of witnesses, *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir.2000), there was sufficient evidence to sustain the convictions. Numerous witnesses testified to either overhearing or participating in conversations in which Patterson and Kiles discussed a plan to blow up the tanks, including discussions about the type of charge needed to rupture the tank and the need for a second device to ignite the leaking gas. Moreover, bomb-making materials were found at Patterson's home, including detonators and what he himself described as "Timothy McVeigh quality" ammonium nitrate. The jury could have reasonably inferred that these materials were intended to be used in the plot.

■ Both defendants argue that a new trial is required because a key government witness, Ron Rudloff, committed perjury. The district court's finding that Rudloff did not commit perjury is not clearly erro-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

neous. *See United States v. Benny*, 786 F.2d 1410, 1419 (9th Cir.1986). None of the defendants' arguments demonstrate that Rudloff was intentionally lying about a material fact. It seems more plausible that, as the district court found, Rudloff was simply confused or mistaken as to the exact date or time of a conversation that occurred two or three years earlier. Nor was Rudloff's testimony so "inherently implausible" that it necessarily constituted perjury. We also find it significant, as the district court did, that there was some independent corroboration of Rudloff's testimony in the phone calls from Patterson to Rudloff shortly after the gun show and by the jailhouse informant who testified that Kiles mentioned either purchasing or planning to purchase some type of rocket launcher to blow up the tanks.

■ Finally, Kiles challenges the district court's calculation of his sentence on his felon in possession of a firearm conviction. The guidelines provide for a four-level upward adjustment if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). In order for this adjustment to apply, evidence must show that "the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—i.e., had some potential emboldening role—a defendant's felonious conduct." *United States v. Routon*, 25 F.3d 815, 819 (9th Cir.1994); *see also United States v. Polanco*, 93 F.3d 555, 566–67 (9th Cir.1996).

The district court's finding that there was evidence that the firearms were part

of the conspiracy to blow up the tanks was clearly erroneous. There is no evidence that the firearms were to be used in any way in connection with the destruction of the tanks. The speculation by the government and the probation officer that Kiles' personal collection increased from 1998 to 1999 to deal with the anticipated unrest that would *result* from the propane tank detonation cannot satisfy the "in connection with" requirement of Section 2K2.1(b)(5), because the guns did not have any "facilitating" or "emboldening" role in the tank conspiracy. *See United States v. Ellis*, 241 F.3d 1096, 1099–1101 (9th Cir. 2001).[1]

No. 02–10477 is AFFIRMED IN PART; REMANDED FOR RESENTENCING.

No. 02–10478 is AFFIRMED.

---

1. At argument, the government contended that it was sufficient that the guns related to Kiles' alleged larger plot to overthrow the government. The district court, however, based the increase on its finding that the firearms were "possessed as part of the conspiracy to blow the propane tanks." Although it is true that Section 2K2.1(b)(5) can

pertain to uncharged felonies (see Application Note 7), uncharged conduct must still be proven by at least a preponderance of the evidence. *See United States v. Harrison–Philpot*, 978 F.2d 1520, 1523 (9th Cir.1992). The district court did not make any findings that Kiles was guilty of an uncharged felony.