UNITED STATES of America, Plaintiff–Appellee,

v.

**Spire Warren ROUTON, Defendant–Appellant.**

No. 93–10103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1993.

Decided June 1, 1994.

Arthur L. Allen, Asst. Federal Public Defender, Las Vegas, NV, for defendant-appellant.

J. Gregory Damm, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and ZILLY,* District Judge.

Opinion by Judge O'SCANNLAIN.

O'SCANNLAIN, Circuit Judge:

Is a gun used "in connection with" interstate transportation or unlawful possession of a stolen car, thereby justifying enhanced sentencing, if it is found in the glove compartment when the thief is eventually apprehended?

## I

In January 1992, Routon stole a Cadillac from Renick Cadillac, a car dealership in Fullerton, California. Routon remained at large with this vehicle until April 1992, when an informant named Richard Adams contacted federal authorities in Las Vegas, Nevada and told them that Routon had started living with him earlier in the month. According to Adams, Routon had admitted to stealing the car and had stated that he eventually was going to "get rid of it" in Texas. After receiving Adams' tip, federal and local authorities arrested Routon while he was driving the Cadillac in Las Vegas.

During a search the police discovered a .22 caliber revolver in the compartment between the driver's and front passenger's seats. The location of the gun placed it within Routon's easy reach while driving. Adams later identified the gun as one that Routon always took with him whenever he drove the Cadillac. Routon had purchased the gun in California in March 1992.

The government charged Routon with interstate transportation of a stolen motor vehicle, possession of a stolen motor vehicle, and unlawful possession of a firearm. After a bench trial, Routon was found guilty of all counts and was sentenced to imprisonment. Routon's 33–month sentence was within the Sentencing Guidelines range established for offense level 18 and criminal history category I. Routon's base offense level had been 14, but the district court had made a four-point enhancement under section 2K2.1(b)(5).

Routon challenges this enhancement, asserting that it was based upon insufficient evidence.

## II

Section 2K2.1(b)(5) of the Sentencing Guidelines provides for a four-point enhancement of a base offense level where a defen-

dant "use[s] or possesse[s] any firearm or ammunition in connection with another felony offense." United States Sentencing Commission, *Guidelines Manual* § 2K2.1(b)(5). Routon does not contest his possession of the gun. However, he argues that the prosecution failed to show that he possessed it "in connection with" the felonies for which he was convicted. The government disagrees, asserting that it proved that Routon possessed the gun "in connection with" his continued possession of the Cadillac.

This circuit has not identified what evidence is sufficient to sustain a finding under section 2K2.1(b)(5) that a defendant used or possessed a firearm "in connection with" a felony. Indeed, the only courts which appear to have done so are the Tenth and Fifth Circuit Courts of Appeals. The Sentencing Guidelines provide no definition of this phrase.

In *United States v. Sanders,* 990 F.2d 582 (10th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 216, 126 L.Ed.2d 172 (1993), the defendant was arrested for reckless driving. When police searched the defendant and his car, they found drugs and a large amount of money in his pockets, a soft gun case containing drugs on the back seat, and two loaded guns and drug paraphernalia in the trunk. The defendant pled guilty to drug possession with intent to distribute and to being a felon in possession of a firearm. The district court enhanced his sentence under section 2K2.1(b)(5), and he appealed. The court of appeals affirmed his sentence, holding that the "intermingl[ing]" of the drugs and guns was sufficient to demonstrate that the guns were possessed in connection with the defendant's drug trafficking. *Id.* at 585.

1. In *Sanders,* the Tenth Circuit declined to analogize § 2K2.1(b)(5) to § 924(c) because the standard under § 924(c) was "much higher than that necessary for enhancement under the Guidelines." *Sanders,* 990 F.2d at 585 (quotations omitted). At that time, the Tenth Circuit permitted a conviction under § 924(c) only when evidence established that a "defendant had ready access to the firearms and that they played an *integral* role in the crimes alleged." *Id.* at 585 n. 1 (quotations omitted, underscore added). Between the *Sanders* and *Gomez* decisions, however, the Supreme Court issued its opinion in

The Tenth Circuit revisited section 2K2.1(b)(5) in *United States v. Gomez–Arrellano,* 5 F.3d 464 (10th Cir.1993). Gomez–Arrellano ("Gomez") was arrested at his residence for reentering the country after deportation. A search of Gomez's residence uncovered marijuana, cocaine, a pistol, ammunition and drug paraphernalia. Gomez pled guilty to various drug and immigration charges, and the district court enhanced his sentence under section 2K2.1(b)(5) for use of the pistol in connection with the distribution of cocaine. Gomez appealed the enhancement.

The court of appeals vacated Gomez's sentence, holding that the government had not proven that the pistol had been used in connection with the drug offense. The court looked to 18 U.S.C. § 924(c) for guidance in applying section 2K2.1(b)(5). *Id.* at 466. Section 924(c) prohibits the use of a firearm during and "in relation to" the commission of a drug trafficking or violent crime. 18 U.S.C. § 924(c)(1). Following the Supreme Court's recent interpretation of section 924(c),[1] the Tenth Circuit suggested that an enhancement under section 2K2.1(b)(5) would be appropriate where the government demonstrates that a gun facilitates or has the potential to facilitate an offense. *Id.* at 466–67. The court noted that a gun's physical proximity to drugs, in some circumstances, could provide the requisite nexus for an enhancement under section 2K2.1(b)(5). However, because the prosecution had failed to demonstrate any physical proximity between Gomez's gun and the cocaine, had not proven that drug deals had occurred inside the house, and had not provided evidence of the size or layout of the house, it had failed to prove sufficient evidence to enhance Gomez's sentence.

*Smith v. United States,* — U.S. ——, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993), which interpreted § 924(c) *to require evidence showing only that a* weapon facilitated or had the potential to facilitate a crime—a much lower standard than that used by the Tenth Circuit.

The Tenth Circuit's subsequent decision in *Gomez* to use § 924(c) as a model for interpreting § 2K2.1(b)(5) thus is not inconsistent with *Sanders.* The difference between their views of § 924(c) is explained by the subsequent lower standard for § 924(c) crafted by the Supreme Court.

The Fifth Circuit recently expressed a different view in *United States v. Condren*, 18 F.3d 1190 (5th Cir.1994). A police search of Condren's home uncovered drug paraphernalia in the house as well as crack cocaine and marijuana seed on top of a desk. Police also found a loaded revolver inside the desk. Condren pled guilty to being a felon in possession of a firearm, and the district court enhanced his sentence under section 2K2.1(b)(5) because Condren had possessed the revolver in connection with drug distribution. Condren appealed the enhancement, arguing that the government had failed to establish a sufficient nexus between the revolver and the drugs in his residence.

The Fifth Circuit affirmed. Disagreeing with *Gomez*, it declined to look to section 924(c) as a guide to interpreting section 2K2.1(b)(5). According to the court:

> First, § 924(c) expressly proscribes the use or carrying of a firearm during or in relation to a drug trafficking crime or crime of violence; in contrast, § 2K2.1(B)(5) mandates an enhancement even if the defendant only possesses a firearm in connection with any other felony. Second, § 924(c) is a criminal statute, requiring that the government prove, beyond a reasonable doubt, the relationship of the firearm to the drug trafficking crime or the crime of violence. In contrast, because the subsection in issue is under the Sentencing Guidelines, the relationship need be proved only by a preponderance of the evidence.

*Id.* at 1196 (internal citations and emphasis omitted).

The court found section 2D1.1(b)(1) of the Sentencing Guidelines to be a closer analogy to section 2K2.1(b)(5). Under section 2D1.1(b)(1), a defendant's sentence is enhanced by two points if he or she is convicted of a narcotics crime and the government proves that he or she was in possession of a firearm. U.S.S.G. § 2D1.1(b)(1). The court held that, despite differences, "similar policy reasons militate in favor of the enhancement provided by both § 2D1.1(b) and § 2K2.1(b)(5)"—both sections reflect the fact that possession of a firearm in the presence of drugs increases the risk of violence. *Condren*, 18 F.3d at 1197.

■ We agree with the approach taken by the Tenth Circuit in *Gomez*. In contrast with the Fifth Circuit's view, we are persuaded that section 924(c) is an appropriate guide for interpreting section 2K2.1(b)(5). The texts of sections 2K2.1(b)(5) and 924(c) are very similar, and we discern no differences in the common understandings of the phrases "in connection with" and "in relation to." In fact, this circuit often has used these phrases interchangeably in describing section 924(c). *See, e.g., United States v. Kessee*, 992 F.2d 1001, 1002 (9th Cir.1993) (describing defendant's conviction under § 924(c) for carrying firearm during drug transaction "in connection with" sales of cocaine base); *United States v. Singleton*, 987 F.2d 1444, 1446 (9th Cir.1993) (describing indictment for possession of firearm "in connection with" trafficking cocaine in violation of § 924(c)); *United States v. Harrison–Philpot*, 978 F.2d 1520, 1522 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2392, 124 L.Ed.2d 294 (1993) (describing conviction for use of firearm "in connection with" drug trafficking in violation of § 924(c)). Further, the one case in this circuit employing section 2K2.1(b)(5) has applied it in a manner analogous to that in which the Supreme Court recently applied section 924(c), suggesting that the two phrases are coterminous. *Compare United States v. Shackley*, 995 F.2d 166, 169 (9th Cir.1993) (§ 2K2.1(b)(5) applicable even where defendant used firearm as club rather than as firearm), *with Smith*, —— U.S. ——, 113 S.Ct. 2050 (§ 924(c) applicable even where defendant used gun as barter for narcotics rather than as firearm).

We find neither of *Condren*'s two reasons for distinguishing section 924(c) persuasive. As already noted, we discern no relevant textual difference between section 924(c)'s prohibition of "the use or carrying of a firearm in relation to" a narcotics offense and section 2K2.1(b)(5)'s enhancement for "use or possession [of] any firearm ... in connection with" a felony offense. Nor do we see any reason why the government's obligation to prove a section 924(c) violation beyond a reasonable doubt affects the meaning of that

provision vis-a-vis section 2K2.1(b)(5), and the *Condren* court provides no such explanation. *Condren,* 18 F.3d at 1196.

■ We view section 2D1.1(b)(1) as an inappropriate guide for applying section 2K2.1(b)(5). Section 2D1.1(b)(1) requires a two-point enhancement if the government proves merely that a defendant convicted of various drug offenses *possessed* a firearm, unless the *defendant* can show that it was clearly improbable that the firearm was "connected with" an offense. U.S.S.G. § 2D1.1(b)(1), comment. (n. 3). The government's burden of proof is more demanding under section 2K2.1(b)(5), where the *government* must show that a firearm was possessed "in connection with" an offense. *See Shackley,* 995 F.2d at 166.

■ Consequently, as demonstrated by both *Sanders* and *Gomez,* and even acknowledged in *Condren,* 18 F.3d at 1197, the prosecution will have to make a greater showing than a defendant's mere possession of a firearm to obtain a section 2K2.1(b)(5) enhancement. Instead, to the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.,* had some potential emboldening role in—a defendant's felonious conduct. *See United States v. Perez,* 989 F.2d 1111, 1115 (9th Cir.1993); *United States v. Torres–Medina,* 935 F.2d 1047, 1048 (9th Cir.1991).

### III

At sentencing, the district court concluded that the gun had facilitated Routon's felonious conduct. This factual finding was not clearly erroneous, for there is evidence that Routon's gun emboldened him to maintain unlawful possession of the Cadillac. We have stated that, under section 924(c):

> If the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, <u>such as emboldening an actor who had the opportunity or ability to display or</u>

<u>discharge the weapon</u> ..., then there is a violation of the statute.

*United States v. Stewart,* 779 F.2d 538, 540 (9th Cir.1985) (underscore added).

Routon's apparent efforts to maintain the accessibility of his gun whenever he used his car permit the inference that the gun emboldened him to continue his illegal conduct. Not only did Routon bring the gun with him whenever he rode in the car, but he also kept it within a short distance of him when he was driving. In *United States v. Garcia,* 997 F.2d 1273 (9th Cir.1993), a defendant asserted that his trial counsel was ineffective for failing to argue that there was insufficient evidence to convict him under section 924(c). Police had found a loaded gun against a wall in the upstairs bedroom of the defendant's apartment. The bedroom was near a closet containing a cache of drugs. This court rejected the defendant's ineffective assistance claim, concluding that, because the defendant "possessed a loaded machine gun in an accessible place where it could have been used to embolden him in his commission of the drug trafficking offenses, he used the machine gun during and in relation to a drug trafficking crime within the meaning of" section 924(c). *Id.* at 1284. *Accord United States v. Draper,* 24 F.3d 83 (10th Cir.1994) (§ 2K2.1(b)(5) enhancement proper where defendant kept guns in house for protection as he cut rock cocaine and took one gun with him during drug deliveries).

Sufficient evidence was introduced to support the district court's finding that Routon's gun facilitated his illegal conduct. Enhancement under section 2K2.1(b)(5) was appropriate.

AFFIRMED.