46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Glenn WALLACE, Defendant-Appellant.
 No. 94-30314.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Glenn Wallace appeals his sentence of thirty months imposed following a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Wallace contends the district court erred by granting a four-level upward adjustment to his base offense level because he possessed the firearm in connection with another felony. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The district court's determination that the defendant possessed the firearm in connection with another felony is a factual finding we review for clear error. See United States v. Routon, 25 F.3d 815, 819 (9th Cir. 1994).
 
 
 4
 The Guidelines require a four-level upward adjustment if the court finds that the defendant "used or possessed any firearm ... in connection with another felony offense ...." U.S.S.G. Sec. 2K2.1(b)(5) (1994). A felony offense includes "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year ...." See U.S.S.G. Sec. 2K2.1, comment. (n.7).
 
 
 5
 Because their texts are similar, we look to 18 U.S.C. Sec. 924(c), for guidance in applying section 2K2.1(b)(5). Routon, 25 F.3d at 818 (section 924(c) requires a sentence enhancement if the court finds that the defendant used a firearm during a crime of violence). An enhancement is appropriate under section 2K2.1(b)(5) if the court finds that the firearm facilitated or had the potential to facilitate a felony. See id. at 819 (continuous presence of firearm in stolen car "emboldened" defendant to continue his illegal conduct). A firearm's proximity to drugs may form the requisite nexus for enhancement. See United States v. Torres-Medina, 935 F.2d 1047, 1048 (9th Cir. 1991) (section 924(c) is applicable where the defendant kept a loaded firearm along with cache of drugs in an accessible crawl space under the house); see also United States v. Garcia, 997 F.2d 1273, 1284 (9th Cir. 1993) (court properly sentenced defendant under section 924(c) where defendant kept a loaded machine gun near a closet containing drugs).
 
 
 6
 Here, Wallace contends that there was insufficient proof to show that he possessed the firearm "in connection with" the felony for which he was convicted. We disagree. Wallace was initially stopped by police for a traffic violation. When Wallace failed to produce identification and appeared nervous, the officer called for assistance. The two officers searched Wallace's pickup truck and found a .357 magnum pistol in a holster on the seat. There was also a black "fanny pack" on the seat which contained several plastic zip-lock bags and a glass vial, all of which showed traces of a white residue. This substance was later tested and found to be methamphetamine. Wallace subsequently pleaded guilty in state court to Felony Possession of Methamphetamine.
 
 
 7
 The district court found that there was sufficient evidence to support a finding that Wallace possessed the gun in connection with a felony. The district court noted that the gun was in close proximity to the drug paraphernalia and stated:
 
 
 8
 This one was a big gun. It certainly was not the kind of gun used for target practice. And it was loaded, fully loaded in the lunge area in the car, within inches of the drug. It [is] suggested that there was only some residue of the methamphetamine on one of the baggies, but that was apparently enough to support its conviction in state court.
 
 
 9
 The district court's finding that Wallace possessed the firearm in relation to a felony was not clearly erroneous. See Routon, 25 F.3d at 819. Accordingly, the district court properly found that Wallace was subject to an upward adjustment under section 2K2.1(b)(5). Id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3