112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy JERRED, Defendant-Appellant.
 No. 96-30282.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Jerred appeals his 69-month sentence following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Jerred contends that the district court erred by imposing a four-level enhancement under USSG § 2K2.1(b)(5) for possessing a firearm in connection with another felony. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Jerred contends that there was insufficient evidence that he possessed a firearm within the meaning of section 2K2.1(b)(5). This contention lacks merit.
 
 
 4
 We review de novo the district court's application of the Sentencing Guidelines and we review for clear error its factual findings in the sentencing phase. See United States v. Polanco, 93 F.3d 555, 564 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996) (internal quotations omitted). USSG § 2K2.1(b)(5) requires district courts to increase the base level for weapons offenses by four points if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(5) (1995). The government establishes the "possession" prong of section 2K2.1(b)(5) by showing that "the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated--i.e. had some potential emboldening role--in a defendant's felonious conduct." Polanco, 93 F.3d at 566-67. The government must prove possession by a preponderance of the evidence. See Id. at 567.[1]
 
 
 5
 Here, the sentencing court properly applied the four-level enhancement. At the time of his arrest, Jerred was temporarily living in a car in which officers found two rifles in the rear passenger seat area. Under the front seat of the car, officers found a fanny pack containing ammunition for one of the rifles, individual baggies of marijuana, a scale, and a baggie containing methamphetamine. Finally, the officers found $300 and a pager on Jerred. According to the presentence report, Jerred admitted that he had illegal drugs in his possession at the time of the arrest and that he was selling them.[2] Given these facts, there was sufficient evidence to support the inference that the guns in the car "potentially emboldened [Jerred] to undertake his illicit drug sales, since it afforded him a ready means of compelling payment or of defending the cash and drugs stored in the car." See Polanco, 93 F.3d at 567; see also United States v. Routon, 25 F.3d 815, 819 (9th Cir.1993) (sufficient evidence that gun found in glove compartment of stolen car facilitated crimes of interstate transportation and unlawful possession of stolen motor vehicle). Jerred's sentence is therefore
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Here, the government objected to the four-level enhancement, but the sentencing court followed the recommendation in the presentence report and concluded there was sufficient evidence to support the enhancement
 
 
 [2]
 Jerred denied making this statement to the probation officer, instead contending that he merely stated he had sold drugs in the past. The district court did not find Jerred's testimony credible. The methamphetamine found in the car resulted in a state conviction for conspiracy to deliver a controlled substance