**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marcel WALDRON, Defendant–
Appellant.**

No. 99–10621.
D.C. No. CR–99–00133–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 2000.

Decided Jan. 22, 2001.

Before BRIGHT,* REINHARDT, and SILVERMAN, Circuit Judges.

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Marcel Waldron appeals his jury conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

## I. DISCUSSION

### A. Motion to Suppress

Waldron argues that the district court erred by denying his motion to suppress the firearm and the crack cocaine. Waldron does not challenge the district court's determination that the officers had reasonable suspicion to stop him but argues that the frisk was unconstitutional.

■■■ The standard for justifying a frisk is whether a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety or that of others was in danger. *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also United States v. $109,179 in U.S. Currency,* 228 F.3d 1080, 1086 (9th Cir.2000). The officer does not have to be absolutely certain that the individual is armed. *Terry,* 392 U.S. at 27. If the stop is based on founded suspicion and the officer has reason to believe that the suspect is armed and dangerous, the officer may conduct a limited weapons search. *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). To determine whether the officer acted reasonably due weight must be given not to an officer's hunch, "but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." *Terry,* 392 U.S. at 27.

■■■ Here, the police officers' testimony concerning the particularized facts known

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to them prior to the frisk demonstrates that it was reasonable to suspect that Waldron was armed and dangerous and that, therefore, the frisk did not interfere with Waldron's Fourth Amendment rights. It was approximately 12:30 a.m. and Ferrando observed Waldron counting white rocks which he reasonably believed to be crack-cocaine rocks. Waldron concedes that he was in a high-crime area and officer Ferrando testified that he and Moser were patrolling a well-known street-level narcotics distribution area. Waldron was walking alone in an isolated location and he was wearing a puffy jacket that could easily conceal a weapon. Officer Ferrando testified that individuals with small quantities of narcotics often carry firearms and that officers in his station frequently arrest individuals with small quantities of narcotics and a firearm. Waldron's answers to the officers' questions failed to dispel their reasonable suspicion that Waldron was armed and dangerous. Therefore, the officers had reasonable suspicion to frisk Waldron. The district court did not err when it denied Waldron's motion to suppress the firearm and the crack cocaine because the search conducted by Ferrando was reasonably warranted by the totality of the facts and circumstances.

### B. Four–Level Upward Adjustment

Waldron argues that the district court erred by determining that he carried a firearm "in connection with" the crime of possession of crack cocaine when it applied a four-level upward adjustment under U.S.S.G. § 2K2.1(b)(5).

■ The Sentencing Guidelines require a four-level upward adjustment if the court finds that the defendant "used or possessed any firearm ... in connection with another felony offense...." U.S.S.G. § 2K2.1(b)(5). A felony offense includes "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. § 2K2.1, cmt. n. 7. In *United States v. Routon*, 25 F.3d 815, 819 (9th Cir.1994), this court articulated the following standard for establishing possession of a firearm "in connection with another felony" within the meaning of § 2K2.1(b)(5): "[T]o the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an *inference* that it facilitated or potentially facilitated–*i.e., had some potential emboldening role in–a defendant's felonious conduct.*" (Emphasis added). Under *Routon,* mere possession is not enough to support a § 2K2.1(b)(5) upward adjustment. *Routon* stands for the proposition that to support a four-level upward adjustment under § 2K2.1(b)(5), the government must show by a preponderance of the evidence that the gun played *some potential emboldening role in the felonious conduct.*

■ Here, there was sufficient evidence to support the inference that Waldron's gun possession played some potential emboldening role in his personal possession of crack cocaine. The government produced evidence supporting the inference that Waldron's possession of the firearm emboldened him to possess crack at 12:30 a.m. in a high-crime area. The district court stated that the "evidence clearly established that under the circumstances of the defendant's possession of drugs, that it was useful for him to have a weapon, and in this case I know it was a loaded weapon in order to protect his supply of narcotics." Possession of crack is a felony under California Health and Safety Code Section 11350(a). Thus, the district court's finding is not erroneous because a preponderance of the evidence shows that Waldron car-

ried a firearm to protect his crack and possession of crack is a felony offense.

## II.  CONCLUSION

We therefore AFFIRM the judgment of conviction and sentence.

REINHARDT, Circuit Judge, concurring in part and dissenting in part.

In light of Waldron's concession that the events occurred in a high crime area, I concur in the majority's conclusion that there was reasonable suspicion for a frisk. However, I believe that the district court clearly erred in applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5).