United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-40116
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD THOMAS NOBLE,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CR-38-1

---

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gerald Thomas Noble appeals his sentence following his guilty-plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Noble argues that the district court erred in increasing his base offense level by four levels pursuant to U.S.S.G. § 2K2.1(b)(5).

Section 2K2.1(b)(5) provides for a four-level sentencing

---

[*]Pursuan t to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ." The district court did not err in applying the four-point adjustment in the instant case.

Noble possessed the firearms in question during his commission of the felony offense of possession of a controlled substance, and could have used those firearms to facilitate his possession of that controlled substance. *See United States v. Armsted*, 114 F.3d 504, 511 (5th Cir. 1997). Noble purchased the firearms from the same person who supplied him with the controlled substance, and the firearms were clearly readily available to him to protect his drug possession. Indeed, by Noble's own admission, he purchased at least one of the firearms–a short-barreled shotgun–precisely because it was easier to maneuver and to use in the cab of his pickup truck, the very place where he possessed the controlled substance. *See id*. at 512; *see also United States v. Condren*, 18 F.3d 1190, 1197 (5th Cir. 1994) (noting that the danger of violence is undeniably increased where a firearm is possessed simultaneously with illegal drugs). The firearms Noble possessed were found in close physical proximity to the drugs he then possessed and were readily available to him to protect his drug possession. Nor is it of any import that the quantity of drugs Noble possessed was consistent with personal consumption. "[I]t would be more than reasonable to infer that [Noble] possessed the firearm[s] in order

2

to protect even the small amount of drugs kept, or intended, for his personal use." *Condren* at 1199. The firearms were thus possessed "in connection with" Noble's offense of felony drug possession within the meaning of U.S.S.G. § 2K2.1(b)(5). *See Condren* at 1199-2000. Finally, Noble's attempts to distinguish *Condren* and *Armsted* are without merit, as is his argument that this court should reject *Condren* in favor of the Ninth Circuit's more stringent approach in *United States v. Routon*, 25 F.3d 815 (9th Cir. 1994). *See Hogue v. Johnson*, 131 F.3d 466, 491 (5th Cir. 1997).

AFFIRMED.