**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Abel MARTINEZ–VALENCIA,
Defendant—Appellant.**

No. 04–10085.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2006.*

Decided March 16, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Judson Thomas Mihok Fax, USTU–Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Rosemary Marquez, Montoya & Marquez, Tucson, AZ, for Defendant–Appellant.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

**MEMORANDUM** **

■ Abel Martinez–Valencia appeals his sentence following a guilty plea to one count of violating 18 U.S.C. §§ 922(g)(5) and 924(a), possession of a firearm by an alien. Having requested and reviewed briefing by the parties as to whether the appeal is moot, we conclude that it is not. *United States v. Allen,* 434 F.3d 1166, 1170 (9th Cir.2006). As Martinez–Valencia remains subject to a term of supervised release, his challenge to the sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) remains before us. Nevertheless, we need not decide whether he was eligible for a reduction in his base-level offense pursuant to U.S.S.G. § 2K2.1(b)(2) as he has abandoned this claim because he already served the term of imprisonment based on a calculation at a higher base-level offense.

■ We do not believe that the district court clearly erred in finding pursuant to USSG § 2K2.1(b)(5) that Martinez–Valencia's possession of the firearms was in connection with a drug offense, even though no drug crime was charged, given that cocaine residue was scraped off of the semi-automatic rifle, and that Martinez–Valencia was driving the vehicle at 2:30 a.m. when stopped with non-personal use quantities of narcotics in the car and a substantial amount of cash, and his rifle was located accessibly under his leg, in plain view. *See United States v. Polanco,* 93 F.3d 555, 564–67 (9th Cir.1996); *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994); *see also* U.S.S.G. § 2K2.1(b)(5), cmt. 7 (Nov.2002 ed.).

■ The district court did err, however, in imposing this enhancement based on

---

judicially found facts under a mandatory guidelines regime. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Although our review is for plain error, we cannot say how the district court would have proceeded knowing that the guidelines were advisory. Therefore, we remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

**AFFIRMED IN PART; REMANDED IN PART.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.