**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jonathan Ford CADY, Defendant–Appellant.**

No. 06–30325.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 16, 2007.

Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Martin W. Judnich, Esq., Attorney at Law, Missoula, MT, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jonathan Ford Cady appeals from his 46–month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cady contends that the district court erred in its calculation of the applicable Sentencing Guidelines range because it imposed a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) (2005). We disagree. A review of the record demonstrates that there was sufficient evidence for the district court to conclude by a preponderance of the evidence that Cady possessed the firearm in connection with his felonious conduct. *See United States v. Routon*, 25 F.3d 815, 819 (9th Cir.1994) (holding that, for purposes of § 2K2.1(b)(5), government is required to show that firearm was possessed in manner that permits inference that it facilitated or potentially facilitated felonious conduct such as by emboldening the defendant); *see also United States v. Polanco*, 93 F.3d 555, 567 (9th Cir.1996) (concluding enhancement was permissible where there was sufficient evidence that presence of the gun in the defendant's car potentially emboldened him to sell drugs by providing ready means of compelling payment or defending the cash and drugs stored in the car).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

