**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard REDFIELD, Defendant–**
**Appellant.**

No. 06–30365.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed Feb. 16, 2007.

Lori Harper Suek, Esq., USBI—Office of the U.S. Attorney, Steven C. Babcock, Esq., FDMT—Federal Defenders of Montana, Billings, MT, for Plaintiff–Appellee.

Steven C. Babcock, Esq., FDMT—Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

MEMORANDUM *

Richard Redfield appeals the sentence imposed following his guilty plea to depredation of government property, in violation of 18 U.S.C. § 1361. Redfield argues that the district court erred by following a cross-reference in the Sentencing Guidelines that enhanced his sentence for taking a firearm, that the district court erred in giving him a four-level enhancement for using or possessing a firearm in connection

* This disposition is not appropriate for publication and is not precedent except as provided

with another felony, and that his sentence was unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

We "review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006) (alteration in original) (internal quotation marks and citation omitted).

We conclude that the district court properly applied the cross-reference from U.S.S.G. § 2B1.1(c)(1)(A) to § 2K2.1, because at least one firearm "was taken" during the course of Redfield's offense conduct. The district court's finding that Redfield knew that he was taking a firearm when he stole the police vehicle was not clearly erroneous because the undisputed evidence clearly demonstrated that the rifle stored overhead was in plain view.

We conclude, however, that the district court erred in imposing a four-level sentence enhancement under U.S.S.G. § 2K2.1(b)(5). Mere possession of a gun during the commission of a felony is not enough to trigger an enhancement under § 2K2.1(b)(5); the enhancement requires that the firearm be used or possessed *"in connection with* another felony offense." *See United States v. Ellis*, 241 F.3d 1096, 1099 (9th Cir.2001) (emphasis added). "[T]o the extent that the government relies upon physical possession [to support an enhancement under § 2K2.1(b)(5) ], it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.*,

by Ninth Cir. R. 36–3.

had some potential emboldening role in—a defendant's felonious conduct." *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994); *see also United States v. Nichols,* 464 F.3d 1117, 1124 n. 6 (9th Cir.2006) (citing *Routon); Ellis,* 241 F.3d at 1099 (same).

The district court erred in applying the § 2K2.1(b)(5) enhancement because there was no evidence that the firearms in the police vehicle served to facilitate or embolden Redfield's unlawful conduct. *See Ellis,* 241 F.3d at 1100. Notably, there is no indication that Redfield knew there was a gun in the cargo area, and the other gun, although visible, was in a "locking mechanism," and in no manner suggested the depredation of the vehicle, or made that depredation easier for Redfield to accomplish.

Because we vacate the sentence and remand for resentencing, we need not address whether the sentence imposed by the district court was reasonable.

SENTENCE VACATED AND REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.