**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA, | No. 11-30173 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00025-HRH-1 |
| v. | |
| JIMMY LEE COFFIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted June 26, 2012
Anchorage, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

Jimmy Lee Coffin appeals his sentence for being a felon in possession of a

firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Coffin was convicted

on a single count stemming from his actions during a late night confrontation with a

village peace officer in Noorvik, Alaska that resulted in Coffin attacking the officer

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

with his fists and taking the keys to the officer's four-wheeler while carrying a rifle. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Section 2K2.1(b)(6) of the United States Sentencing Guidelines provides for a four-level enhancement to the base offense level, "[i]f the defendant used or possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6) (2010). Coffin challenges application of the four-level enhancement to his sentence for two reasons: (1) the government did not prove that the firearm was used "in connection with" the theft of the four-wheeler, and (2) the government did not prove the existence of "another felony." Both reasons support vacating Coffin's sentence and remanding for resentencing.

First, based on the district court's reference during the sentencing hearing to the mere presence of the .30-06 rifle during the taking of the four-wheeler, it is unclear whether the district court applied the correct legal standard for determining "in connection with." Application note 14 to § 2K2.1(b)(6) defines "[i]n connection with" as use of a firearm that "facilitated, or had the potential of facilitating, another felony offense." *Id.* cmt. n.14. Mere possession of a gun during commission of an offense is not enough to prove that the gun was used in connection with another offense. *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994).

2

Second, the record does not reflect sufficient evidence supporting the existence of "another felony offense." The district court found by clear and convincing evidence that a "felony theft" occurred; however, the district court did not elicit testimony about or take judicial notice of the various Alaska theft laws. Moreover, the record reflects no evidence regarding any felonious intent regarding Coffin's taking of the four-wheeler, and reflects a somewhat opaque, general discussion of the four-wheeler's value.

Therefore, we conclude that the four-level enhancement under § 2K2.1(b)(6) was erroneous because it was based on an incorrect legal standard and was not supported by sufficient factual findings. *See id.* at 819; *United States v. Luca*, 183 F.3d 1018, 1026 (9th Cir. 1999).

VACATED AND REMANDED.