**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30050 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00088-SPW-1 |
| v. | |
| LESTER PINEX III, AKA Lester Johnson, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted October 2, 2017
Portland, Oregon

Before: PAEZ and BEA, Circuit Judges, and LAMBERTH,[**] District Judge.

Lester Pinex appeals the district court's denial of his motion to suppress

evidence and the district court's application of the four-level sentencing

enhancement under U.S.S.G § 2K2.1(b)(6). We affirm in part and reverse in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

**1.**     Pinex moved to suppress the seizure of heroin, alleging that the traffic stop was prolonged without reasonable suspicion of criminal activity in violation of the Fourth Amendment.  We review "de novo a district court's legal conclusions regarding the denial of a motion to suppress." *United States v. I.E.V.*, 705 F.3d 430, 434 (9th Cir. 2012).

In *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), the Supreme Court held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Id.* at 1612.  A prolonged stop is unconstitutional if it both exceeds the time needed for the initial purpose of the stop and there is no independent reasonable suspicion to allow the police to extend the length of the stop. *Id.*  In other words, "[a]uthority for the seizure . . . ends . . . when tasks tied to the traffic infraction are—or reasonably should have been—completed." *United States v. Evans*, 786 F.3d 779, 786 (9th Cir. 2015).  If during a traffic stop, "new grounds for suspicion of criminal activity continue[] to unfold," the period of the detention can be constitutionally extended. *United States v. Mayo*, 394 F.3d 1271, 1275 (9th Cir. 2005) (internal quotation marks omitted).  In this case, given the totality of the circumstances, as events unfolded the police officers had reasonable suspicion to believe that criminal activity was afoot.

Pinex was pulled over for speeding, which the parties do not dispute was a valid traffic stop. The question is whether that stop—which lasted nearly two hours—was prolonged without reasonable suspicion that Pinex was involved in criminal activity. *See id.* At the beginning of the stop, Pinex provided the officers with a rental car agreement, that showed the car he was driving had been rented to a third party, who was not present. The stop took place on I-94, which law enforcement officers consider a "drug corridor."

Additionally, Pinex gave the officers a false name, social security number, and date of birth, none of which returned a positive identification of Pinex when one of the officers tried to run the information through available databases. The fact that Pinex's identity could not be confirmed and that the rental car had been rented to another person prompted the officers to question separately Pinex and his passenger Deangelo Tyler. After speaking with Pinex and Tyler, the officers noticed inconsistencies in the information they provided. In subsequent conversations with the rental car company the officers learned that Pinex had lied about the whereabouts of the third party named in the rental agreement, and the company authorized a search of the car and requested that it be impounded. Although the officers called for a tow truck, given its location there was delay in its arrival at the scene. As these facts evolved, the officers reasonably suspected that

3

Pinex was involved in drug trafficking. This independent basis for reasonable suspicion amply supported the officers decision to prolong the stop and call for a drug dog. Given the totality of the circumstances, the prolonged traffic stop was supported by reasonable suspicion that criminal activity was afoot. We therefore affirm the district court's denial of Pinex's motion to suppress evidence.

**2.** Pinex also challenges the application of the four-level sentencing enhancement under U.S.S.C. § 2K2.1(b)(6). We review "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (quoting *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005)).

In relevant part, the four-level enhancement applies when the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(6)(B) (2016). Application Note 14(A) explains that "[s]ubsection[ ] (b)(6)(B) . . . [applies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." This contrasts with the directive in Application Note 14(B) that subsection (b)(6)(B) applies "in the case of a drug

4

trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." As the note explains, "[i]n these cases, application of subsections (b)(6)(B) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively."

The district court concluded that the gun "played an emboldening role in [Pinex's] criminal possession of those drugs," and therefore applied the enhancement. In doing so, the district court noted that although the gun and drugs were in separate containers, they were in close proximity and that Pinex spoke of the drugs and gun at the same time, thereby suggesting that in his mind they were related. Because the other felony offense here was not a drug trafficking crime, we look to Application Note 14(A) for guidance.

When the other felony offense is not a drug trafficking crime, we have held that accessibility is a central factor in determining whether the section 2K2.1(b)(6) enhancement should apply. *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994). In *United States v. Routon*, which involved a felony possession of a stolen vehicle, we acknowledged that the enhancement may apply if possession of the firearm "had some potential emboldening role in[] a defendant's felonious conduct." *Id*. This emboldening role was in turn sufficient to permit a finding of

"facilitation," whereas mere possession was not. Key to the determination that the gun emboldened Routon's conduct was the fact that it was easily accessible. "Routon's apparent efforts to maintain the *accessibility of his gun* whenever he used his car permit the inference that the gun emboldened him to continue his illegal conduct." *Id.* (emphasis added). Although the other criminal offense in *Routon* was possession of a stolen vehicle rather than possession of drugs, the same principles apply, as Application Note 14(A) provides guidance for each.

Here, the gun was not accessible to Pinex. Indeed, it was in a locked suitcase in the trunk of his car. He could not gain access to the gun without significant effort given its location in the trunk. This lack of accessibility contrasts with *Routon*, where the gun was in the front of the car between the driver and passenger seats. The fact that the gun and the drugs were both in the trunk does not support the district court's finding that the gun emboldened Pinex's possession of the drugs. The district court erred by focusing on proximity rather than accessibility.

For the above reasons the district court's denial of Pinex's motion to suppress evidence is affirmed. And the district court's application of U.S.S.G. § 2K2.1(b)(6) four- level sentencing enhancement is reversed and the case is remanded for resentencing.

**AFFIRMED in part; REVERSED in part and REMANDED for resentencing.**