**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50400 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00857-RHW-1 |
| v. | |
| SEVAN KARAPETYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, District Judge, Presiding

Submitted December 6, 2018**
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Sevan Karapetyan appeals his conviction and sentence for possession of stolen mail under 18 U.S.C. § 1708.

Because the police officers' investigatory stop of Karapetyan was "supported by reasonable suspicion to believe that criminal activity may [have been] afoot," *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)), the stop did not violate the Fourth Amendment. The police officers properly drew on their own experience and specialized training to infer from the totality of the circumstances (including Karapetyan's wary and evasive behavior and his struggle to balance several packages in an area experiencing a rise in mail theft) that Karapetyan may have been engaged in criminal activity. *See Arvizu*, 534 U.S. at 273.

Furthermore, Karapetyan was not entitled to *Miranda* warnings because Karapetyan was not in custody when the police officer asked Karapetyan whether the packages belonged to him. *See Stanley v. Schriro*, 598 F.3d 612, 618 (9th Cir. 2010). Police officers may ask a moderate number of questions during the course of an investigatory stop without converting the stop into an arrest, *see Berkemer v. McCarty*, 468 U.S. 420, 439–40 (1984), and the police officers did not isolate Karapetyan from the public, confront Karapetyan with any evidence of guilt, or apply pressure to obtain an answer, *see United States v. Beraun-Panez*, 812 F.2d

2

578, 580 (9th Cir. 1987). Even if Karapetyan had been in custody, the district court did not consider Karapetyan's statement to the police in finding Karapetyan guilty beyond a reasonable doubt, and thus any error in refusing to exclude Karapetyan's statement was harmless. *See Chapman v. California*, 386 U.S. 18, 23–24 (1967).

Finally, the district court did not err by concluding that Karapetyan's sentence was subject to enhancement under Sentencing Guideline § 2B1.1(b)(15)(B). Because Karapetyan possessed a knife that "had some potential emboldening role in" Karapetyan's felonious conduct, *see United States v. Ellis*, 241 F.3d 1096, 1099 (9th Cir. 2001) (quoting *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994)), Karapetyan possessed the knife "in connection with" his offense, *see* U.S. Sentencing Guidelines Manual § 2B1.1(b)(15)(B).

**AFFIRMED.**