**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30139 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00122-SPW-1 |
| v. | |
| CHAD TRAVIS MILTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted July 6, 2020
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and PEARSON,[**] District Judge.
Dissent by Judge MILLER

Following a guilty plea, Chad Travis Milton was convicted of being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to

37 months of imprisonment, to be followed by three years of supervised release.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

He now appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's interpretation of the Sentencing Guidelines de novo, its application of the Guidelines for abuse of discretion, and its factual findings for clear error. *United States v. Gadson*, 763 F.3d 1189, 1219 (9th Cir. 2014). We affirm.

In calculating the applicable sentencing range under the Sentencing Guidelines, the district court applied a four-level enhancement under section 2K2.1(b)(6)(B) of the Sentencing Guidelines for possession of a firearm or ammunition "in connection with another felony offense." The Guidelines commentary states that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. 14(A). The district court concluded that Milton's firearm was "easily accessible" to him in his vehicle and therefore "had the potential to facilitate his drug possession."

Milton challenges the district court's finding that the firearm was easily accessible. Although the firearm was "hidden up behind the console on the driver's side of the vehicle," the arresting officer testified that he saw Milton "digging underneath the dash of a vehicle . . . clearly up underneath the dash messing with something." One permissible inference from that testimony is that the firearm was easily accessible to Milton from its location underneath the console; another is that

Milton hid the firearm once he noticed the officer, but had the firearm close at hand before then. Either inference supports the district court's finding. We conclude that the court did not clearly err.

Milton also challenges the conclusion that the firearm had the potential to facilitate his drug possession. In *United States v. Routon*, 25 F.3d 815 (9th Cir. 1994), we held that, "to the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.*, had some potential emboldening role in—a defendant's felonious conduct." *Id.* at 819. Milton was apprehended while driving his car on a public road. A person possessing drugs in public is vulnerable to robbery, so one who possesses a firearm for protection may be emboldened in possessing drugs. It was therefore reasonable for the district court to conclude that Milton's possession of a firearm had the potential to facilitate his drug offense. *See generally United States v. Valenzuela*, 495 F.3d 1127, 1135 (9th Cir. 2007) (affirming the application of the enhancement when "the district court could reasonably find that the shotgun emboldened [defendant's] possession of the stolen property"); *Routon*, 25 F.3d at 816 (affirming the application of the enhancement when the firearm was found within defendant's "easy reach while driving").

**AFFIRMED**.

3

*United States v. Milton*, No. 19-30139

MILLER, Circuit Judge, dissenting:

To justify the application of the enhancement under section 2K2.1(b)(6)(B), the government had to "show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.*, had some potential emboldening role in—a defendant's felonious conduct." *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994). Here, the only fact supporting that inference was the proximity of the firearm to the drugs. Had Milton committed a drug *trafficking* offense, that would be enough: The Guidelines commentary states that the enhancement applies in the case of a "drug trafficking offense in which a firearm is found in close proximity to drugs." U.S.S.G. § 2K2.1 cmt. 14(B).

Milton's offense, however, was drug *possession*. The distinction is important because trafficking tends to involve larger quantities of drugs than possession, and it requires the trafficker to interact with sellers. The potential for violence—and, accordingly, the emboldening role of a firearm—is therefore greater for drug trafficking than in the case of a mere possessor. In addition, when drug trafficking is carried out in public, it is more likely to require a firearm for protection, while the same cannot necessarily be said for possession. *See United States v. Shields*, 664 F.3d 1040, 1045–46 (6th Cir. 2011). That is why the Guidelines commentary reflects "a higher threshold for proving that firearms facilitated the drug offense

1

when the separate felony is a drug-possession offense rather than a drug-trafficking offense." *United States v. Dalton*, 557 F.3d 586, 588 (8th Cir. 2009).

For a possessor, something more than "merely coincidental" proximity of a firearm to drugs is required for the enhancement. *Shields*, 664 F.3d at 1045; *accord Dalton*, 557 F.3d at 589. Here, the quantity of drugs in Milton's possession was consistent with personal use. Because the government established proximity and nothing more, I would hold that the enhancement does not apply.