NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 29 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10086 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00207-JLT-SKO-1 |
| v. | |
| LANE KELLY WHITTENBERG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted August 25, 2023**
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Lane Whittenberg pleaded guilty to one count of violating 18 U.S.C.

§ 922(g)(1), Felon in Possession of a Firearm. Whittenberg was sentenced to 70

months of imprisonment. He appeals the district court's enhancement of his

sentence under the United States Sentencing Guidelines (U.S.S.G.)

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 2K2.1(b)(6)(B). He also claims that his Fifth and Sixth Amendment rights were violated by the government's introduction of new evidence at sentencing and its late disclosure of discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion in enhancing Whittenberg's sentence under U.S.S.G. § 2K2.1(b)(6)(B). Whittenberg raises three challenges relating to the enhancement: (A) whether the district court applied the appropriate burden of proof; (B) whether the district court should have held an evidentiary hearing; and (C) whether the evidence showed that he committed the alleged crimes.

A.      The district court applied the correct burden of proof. Before the district court, Whittenberg conceded that the proper burden of proof was preponderance of the evidence. However, he now asserts that a heightened burden applies. We review for plain error. *United States v. Depue*, 912 F.3d 1227, 1234 (9th Cir. 2019). "As 'a general rule,' factual findings underlying a sentencing enhancement need only be found by a preponderance of the evidence." *United States v. Lonich*, 23 F.4th 881, 910 (9th Cir. 2022) (citation omitted). However, in some circumstances, we have applied a heightened burden when "the enhanced sentence is four or more offense levels higher" and the enhanced sentence is "more than double the initial sentencing range." *Id.* at 911–12 (outlining the factors to be

considered but noting that the determination turns on these two factors). In this case, the enhancement increased the offence level by four, not more. Further, the length of the sentence was not doubled. With the enhancement, the sentencing guideline range increased to 63–78 months from 41–51 months. Thus, there was no plain error in applying the preponderance of the evidence standard.

B.      Regardless of whether plain error or abuse of discretion applies, *see United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (standard of review), the district court was not required to conduct an evidentiary hearing to resolve any alleged factual disputes. The district court recognized that there were some discrepancies in the victims' statements but concluded that the video evidence confirmed the witnesses' narratives about the alleged felony offenses of criminal threats and discharging a firearm with gross negligence. Therefore, an evidentiary hearing would not have altered the district court's findings. Accordingly, the district court did not abuse its discretion or commit plain error in not holding an evidentiary hearing.

C.      The district court did not clearly err in finding that Whittenberg committed the felony offenses of discharging a firearm with gross negligence and criminal threats. Even though both of these offenses are "wobblers" under California law, "a 'wobbler' is presumptively a felony and 'remains a felony except when the discretion is actually exercised' to make the crime a misdemeanor.

3

*Ewing v. California*, 538 U.S. 11, 16 (2003) (quoting *People v. Williams*, 163 P.2d 692, 696 (Cal. 1945)). Thus, the district court properly considered the conduct to be felony offenses.[1]

The videos and the police reports support the district court's conclusion that Whittenberg discharged a firearm with gross negligence. California Penal Code section 246.3(a) provides:

> any person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense.

To be subjected to a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B), a defendant must have "used or possessed any firearm or ammunition in connection with another felony offense." Thus, the district court must find that the defendant committed another felony offense using the firearm in a manner that "facilitated or had the potential of facilitating" the defendant's felonious conduct. *See United States v. Routon*, 25 F.3d 815, 817 n.1 (9th Cir. 1994). Alternatively, a defendant can be subjected to the enhancement if he or she "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another

---

[1] Because only one felony is required for the four-level enhancement to apply, we need not address the findings for both felony offenses. *See* U.S.S.G. § 2K2.1(b)(6)(B). Therefore, we only address discharging a firearm with gross negligence.

felony offense." U.S.S.G. § 2K2.1(b)(6)(B). In other words, a defendant need not have actually committed another felony, if there is "evidence to show that he had a 'firm intent' to use the [firearm] in connection with another felony." *United States v. Noster*, 590 F.3d 624, 634 (9th Cir. 2009).

Whittenberg challenges the district court's findings that he committed this felony offense. Whittenberg relies upon *Noster* and *United States v. Jimison*, 493 F.3d 1148 (9th Cir. 2007), to assert that, because an element of the crime is gross negligence, which cannot be committed purposefully, there was no evidence of intent to use the gun to commit the felony. This argument lacks merit. Intent is not relevant when a defendant actually committed the felony offense. Both *Noster* and *Jimison* involved defendants who had not actually committed another felony offense but were alleged to have had the intent to commit another felony. *See Noster*, 590 F.3d at 635 (noting that Noster "*planned* to use the incendiary devices to bomb companies or commodities in a scheme to make money" (emphasis added)); *Jimison*, 493 F.3d at 1151 (explaining that there was insufficient evidence that the defendant had "formed a firm intent" to commit a felony offense). Here, the district court found that Whittenberg's discharge of the firearm was willful, and, in discharging the firearm, he placed other people at risk because it was a "populated area." Thus, Whittenberg actually committed this felony, therefore his *intent* to commit a felony was not relevant. *See Noster*, 590 F.3d at 634.

Accordingly, the district court did not clearly err in finding Whittenberg committed this felony offense and did not abuse its discretion in enhancing Whittenberg's sentence.

2.      The government did not violate Whittenberg's Fifth Amendment right to due process or his Sixth Amendment right to notice. The government argued at sentencing that Whittenberg's actions of firing a gun towards an unknown individual was not accounted for in the Presentence Report (PSR). The government also submitted evidence that a bullet had gone through a window on the night of the incident. Even assuming that government's speculative comments amounted to improper conduct, the district court did not accept the government's assertions when it imposed its sentence. Thus, there was no harm to Whittenberg. *See* 28 U.S.C. § 2111 (outlining that "the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties").

To the extent that Whittenberg asserts that the government's late disclosure of evidence violated his rights, any error was harmless. Whittenberg obtained the discovery prior to his guilty plea, yet he did not make any objections and proceeded to change his plea. At sentencing, Whittenberg noted that the government turned over the discovery late, but admitted that an earlier disclosure would not have "changed anything in light of the underlying offense." Thus,

Whittenberg has failed to establish any prejudice. *See United States v. Dupuy*, 760

F.2d 1492, 1497 (9th Cir. 1985).

**AFFIRMED.**