**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Phillip GONZALEZ, Defendant–**
**Appellant.**

No. 07–30161.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed March 21, 2008.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Kennewick, WA, for Defendant–Appellant.

Before: B. FLETCHER, PAEZ, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Phillip Gonzalez appeals from his guilty-plea conviction and the 41–month sentence imposed for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Gonzalez contends that the district court erred by denying his motion to suppress evidence, by applying an upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(5) for use or possession of a firearm in connection with another felony offense, by denying a downward adjustment pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, and by denying a downward departure based upon his family relations, medical history, and aberrant behavior. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

I. Motion to Suppress

The district court did not err in denying the motion to suppress. For probable cause to search a residence, the supporting affidavit "must establish a reasonable nexus between the crime or evidence and the location to be searched." *United States v. Crews,* 502 F.3d 1130, 1136–37 (9th Cir.

2007) (citing *United States v. Chavez–Miranda,* 306 F.3d 973, 978 (9th Cir.2002)). The issuing magistrate judge must make a practical, common-sense decision whether the affidavit sets forth sufficient facts to establish probable cause. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In reviewing the magistrate's decision, this court need only find that the issuing magistrate judge had a substantial basis for finding probable cause. *Id.* at 238–39, 103 S.Ct. 2317.

■ The record demonstrates that the supporting affidavit provided a significant amount of evidence that contraband or evidence of a crime would be found at Gonzalez's apartment. *See Chavez–Miranda,* 306 F.3d at 978. The affidavit also established sufficient reason to search Gonzalez's apartment because a reasonable inference from the affidavit's facts suggested that the controlled drug purchase described in the affidavit had likely occurred there. The facts therefore established a reasonable nexus between the contraband, the evidence sought, and Gonzalez's apartment. The totality of the circumstances described in the affidavit provided a substantial basis for the issuing judge to find probable cause to search the apartment. *See Gates,* 462 U.S. at 238–39, 103 S.Ct. 2317. The affidavit was therefore sufficient. *See id.*

■ The district court did not err in denying a *Franks* hearing on the validity of the affidavit. *See Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Chavez–Miranda,* 306 F.3d at 979–80. To mandate an evidentiary hearing on the validity of the affidavit, a defendant must make a substantial showing that the affidavit contains deliberate

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

falsehoods or statements made with reckless disregard for the truth. *See Franks,* 438 U.S. at 171, 98 S.Ct. 2674; *Chavez–Miranda,* 306 F.3d at 979. Gonzalez has not made any showing that the statements in the affidavit were intentionally misleading or made with a reckless disregard for the truth. His conclusory allegations, not supported by an offer of proof, fall short of the showing required for an evidentiary hearing. *See Chavez–Miranda,* 306 F.3d at 979.

## II. Sentencing

■ To support an upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(5) (2005), the government "must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated—*i.e.,* had some potential emboldening role in—a defendant's felonious conduct." *United States v. Gonzales,* 506 F.3d 940, 947 (9th Cir. 2007) (quoting *United States v. Routon,* 25 F.3d 815, 819 (9th Cir.1994)). The district court did not abuse its discretion, based on the facts, by finding that the government proved by a preponderance of the evidence that Gonzalez possessed a firearm in connection with the felony offense. *See id.* The facts in the record support an inference that the firearm had an emboldening role in Gonzalez's felonious conduct. *See id.; United States v. Polanco,* 93 F.3d 555, 567 (9th Cir.1996).

■ "A district court's decision about whether a defendant has accepted responsibility [to warrant a downward adjustment under U.S.S.G. § 3E1.1] is a factual determination reviewed for clear error." *United States v. Cantrell,* 433 F.3d 1269, 1284 (9th Cir.2006) (citation and internal quotation marks omitted). A defendant's commission of additional crimes may support an inference that the defendant has not accepted responsibility for the offense of conviction. *See United States v. Cooper,* 912 F.2d 344, 347–48 (9th Cir.1990); *see also United States v. Vance,* 62 F.3d 1152, 1159 (9th Cir.1995). The facts in the record indicate that a plea agreement specifically provided that the government would not recommend a downward adjustment for acceptance of responsibility if Gonzalez were charged with another offense. Gonzalez was arrested and charged with two different offenses between the time he entered his plea of guilty and the time of the sentencing. There was thus a sufficient factual basis for the district court to determine that Gonzalez had not accepted responsibility for his offense of conviction. *See U.S.S.G.* § 3E1.1 cmt. n. 3.

■ The district court did not abuse its discretion in declining to impose a sentence below the advisory Guideline range. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594, 596–97, 169 L.Ed.2d 445 (2007). Further, the district court did not err by considering the mitigating factors as part of its analysis under § 3553(a) rather than as part of a "downward departure" analysis pursuant to its Guidelines calculation. *See United States v. Zolp,* 479 F.3d 715, 721–22 (9th Cir.2007). It is clear from the record that the district court properly calculated the advisory Guidelines range; considered the § 3553(a) factors, including Gonzalez's arguments in favor of mitigation; and adequately explained the 41–month sentence. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007); *United States v. Perez–Perez,* 512 F.3d 514, 516 (9th Cir.2008). We therefore conclude that the sentence imposed was reasonable. *See Perez–Perez,* 512 F.3d at 516–17.

**AFFIRMED.**