NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10457 |
| Plaintiff–Appellee, | D.C. No. 3:08-cr-00393-WHA |
| v. | |
| DONTAE ALLEN, | MEMORANDUM [*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before:  B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Dontae Allen appeals his sentence imposed after he pled guilty to possession

of a firearm by a felon and unlawful possession of ammunition by a felon, both in

violation of 18 U.S.C. § 922(g)(1).  Allen contends that the district court

committed error in finding that he had possessed the firearm in connection with

another felony offense and consequently applying a four-level sentencing

_____

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

enhancement pursuant to section 2K2.1(b)(6) of the United States Sentencing Guidelines. With the four-level enhancement, the upper limit of the Guidelines range for Allen's sentence was 87 months, a 30-month increase over what it would have been without the enhancement. The district court ultimately sentenced Allen to an 84-month term of imprisonment.

Then, as now, Allen strenuously denied any involvement in the felony offense. To trigger the enhancement the Government was required to prove by a preponderance of the evidence that Allen possessed a firearm "in a manner that permits an inference that it facilitated or potentially facilitated . . . [his] felonious conduct." *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994); *see also* United States Sentencing Guidelines § 2K2.1(b)(6). The Government failed to carry its burden. Although there was some evidence against Allen, all of it was highly circumstantial and did not demonstrate that it was more likely than not that Allen was involved in the reported shooting. The district court's decision to the contrary was clearly erroneous.

This error was harmless, however, because the district judge took the precaution of making it clear on the record that, if the enhancement did not apply, he would still depart upward to an 84-month sentence. He listed many reasons for the upward departure, including that this was Allen's third firearm offense, and

that Allen was an incorrigible recidivist who had returned to crime after leniency in prior sentences. It is therefore abundantly clear that any error in including the enhancement in the Guideline calculation made no difference to the sentence reached by the district court. The 84-month sentence accordingly was not "imposed *as a result of* an incorrect application of the Guidelines," and there is no reason to overturn the sentence. *Williams v. United States*, 503 U.S. 193, 202-03 (1992) (internal quotation marks omitted).

The district court committed no procedural error in its alternative imposition of an upward departure. We conclude that the 84-month sentence so imposed was substantively reasonable. Moreover, the district court sufficiently articulated its reasons for departing upward and reaching the sentence it did. We therefore affirm the sentence. *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir.) (en banc) (affirming sentence where sentencing court committed no significant procedural error and sentence imposed was not substantively unreasonable), *cert. denied*, 128 S. Ct. 2491 (2008).

**AFFIRMED.**