**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30150 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00118-SEH |
| v. | |
| KEVIN FALCON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted February 15, 2011[**]

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Kevin Falcon appeals from the 110-month sentence imposed following his

guilty-plea conviction for being a felon in possession of a firearm, in violation of 8

U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate

and remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Falcon contends that the district court procedurally erred by applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) when calculating the Guidelines range. The government concedes that the district court should have relied upon U.S.S.G. § 2K2.1(b)(6) application note 14(A) when determining whether to apply the enhancement, rather than analogizing the circumstances of the instant case to burglary and relying on U.S.S.G. § 2K2.1(b)(6) application note 14(B). The government further concedes that the factual record was insufficient to support the enhancement. We remand to the district court to determine whether the four-level enhancement is appropriate in light of the relevant application note and this circuit's precedent. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (holding that improperly calculating the Guidelines range constitutes "significant procedural error"); *see also United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994) ("[T]o the extent that the government relies upon physical possession, it must show that the firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated – i.e., had some potential emboldening role in – a defendant's felonious conduct.").

We decline to limit the district court to the existing record when resentencing. *See United States v. Matthews*, 278 F.3d 880, 889 (9th Cir. 2002) (en banc) ("[T]here is no reason to limit the district court's authority to explore

2                                                          10-30150

fully a factual issue at resentencing simply because it failed to do so during the first proceeding as a result of an erroneous legal ruling.").

Because we are remanding on the basis of an error in the Guidelines calculations, we need not reach Falcon's other arguments.

**Sentence VACATED and REMANDED for resentencing.**