**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50290 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00486-PA-1 |
| v. | |
| ALBERT LAMONT HECTOR, AKA Hector Allen, AKA Cartoon, AKA Lil Cartoon, AKA lilcartoon, AKA Lamont Murkison, AKA Sean Murks, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 24, 2021[**]
Pasadena, California

Before: WARDLAW, BYBEE, and MILLER, Circuit Judges.

Following a jury trial, Albert Lamont Hector was convicted on one count of

distribution of cocaine base and one count of possession of cocaine base with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). He was also convicted on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We previously vacated his sentence and remanded for resentencing. *United States v. Hector*, 772 F. App'x 547, 548–49 (9th Cir. 2019). Hector again appeals his sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1. Hector argues that the district court erred by applying a four-level enhancement under the advisory Sentencing Guidelines for "possess[ing] any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). That enhancement applies if the firearm "facilitated, or had the potential of facilitating, another felony offense," *id.* cmt. n.14(A), such as when the firearm "is found in close proximity to drugs," *id.* cmt. n.14(B). Although "mere possession" of a firearm is not enough, we have upheld a finding of facilitation where a firearm is possessed in a manner that has "some potential emboldening role in" the defendant's felonious conduct. *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994) (citation omitted).

The district court applied the enhancement "for the same reasons that were given" at Hector's original sentencing hearing, at which the court found by clear and convincing evidence that Hector possessed the handgun recovered from his studio apartment in connection with his felonious drug sales. Hector was twice

2

observed selling narcotics through his kitchen window. The gun, which was loaded, was found wedged between couch cushions in an adjacent room. And the police recovered cash, suggesting that Hector was "depositing his drug proceeds in his apartment." The district court found that although Hector "was not always within arm's reach of the gun, nevertheless, he was selling narcotics in the vicinity of his couch and thus could have availed himself of his gun at any time." It explained that the "presence of the gun in [Hector's] apartment potentially emboldened him to undertake his illicit drug sales, since it afforded him a ready means of compelling payment or of defending the cash or drugs stored in the apartment." Because there was support in the record for the finding that Hector possessed the handgun in connection with his drug sales and because possession of the firearm more likely than not emboldened Hector, the district court did not abuse its discretion in applying the enhancement. *See United States v. Chadwell*, 798 F.3d 910, 917 (9th Cir. 2015); *United States v. Polanco*, 93 F.3d 555, 567 (9th Cir. 1996).

Even though the jury found Hector not guilty of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), the application of the enhancement did not violate Hector's due process and Sixth Amendment rights. "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that

3

conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam); *see also United States v. Mercado*, 474 F.3d 654, 657 (9th Cir. 2007). The district court found the requisite conduct by clear and convincing evidence.

2. Hector next argues that the district court applied the firearm enhancement under the mistaken belief that the presentence report recommended its application. At the original sentencing hearing, the district court explained that it had "received, read and considered the Presentence Report, a First and Second Addendum to the Presentence Report and the parties['] sentencing memoranda." The court recognized that Hector objected to the enhancement and allowed both parties to advocate their positions. And it asked both parties whether "the Probation Office correctly analyzed and applied the Guidelines in this case, assuming that the possessing the firearm enhancement applies." Both sides answered in the affirmative.

On resentencing, the district court again stated that it had read the relevant papers, recognized that Hector objected to the firearm enhancement, and decided to apply it "for the same reasons" it had given at the original sentencing hearing. The district court then articulated the correct Guidelines range after finding that the firearm enhancement applied, and neither party objected. The record does not suggest that the district court applied the enhancement because it misunderstood

4

the Probation Office's position.

3.      Finally, Hector argues that his within-Guidelines sentence is substantively unreasonable because it is greater than necessary in light of the "very limited amount of drugs involved, [his] family circumstances, and the significant rehabilitative efforts he has made in his years in custody." Hector also argues that empirical research indicates that lengthy sentences increase, rather than decrease, recidivism. The district court was familiar with those arguments. It emphasized that it had "considered the mitigating factors including [Hector's] family history, his substance abuse problems, [and] the rehabilitative efforts [he had] made while incarcerated." But it found that "the offenses of conviction committed by the defendant [were] serious, the drugs the defendant chose to traffic [were] insidious, and the defendant ignored the serious consequences of trafficking." And while the district court "commend[ed] [Hector] for the steps that [he had] taken while incarcerated," it also found that the sentence was "need[ed] to protect the public and deter [Hector] and others from future crimes." In short, the district court considered Hector's mitigating factors but found them outweighed by other considerations. Hector's sentence is not substantively unreasonable. *See United States v. George*, 949 F.3d 1181, 1188 (9th Cir. 2020); *United States v. Carty*, 520 F.3d 984, 993, 995 (9th Cir. 2008) (en banc).

**AFFIRMED.**